UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JACKIE DELMAS MASON,

                              Plaintiff,

        v.                                          Case No. 19-cv-992-pp

DR. MANLOVE, *et al.*,

                              Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYING FILING FEE (DKT. NO. 2), GRANTING IN PART AND
DENYING WITHOUT PREJUDICE IN PART PLAINTIFF'S MOTION TO ADD
PARTY AND CORRECT COMPLAINT (DKT. NO. 8) AND SCREENING
COMPLAINT UNDER 28 U.S.C. §1915A**

---

Jackie Delmas Mason, an inmate at Waupun Correctional Institution
who is representing himself, filed a complaint under 42 U.S.C. §1983 alleging
that the defendants violated his constitutional rights by failing to provide him
adequate medical care. Dkt. No. 1. This decision resolves the plaintiff's motion
for leave to proceed without prepaying the filing fee, dkt. no. 2, and his motion
to add party and correct his complaint, dkt. no. 8; it also screens his
complaint, dkt. no. 1.

**I.      Motion for Leave to Proceed without Prepaying the Filing Fee
         (Dkt. No. 2)**

The Prison Litigation Reform Act ("PLRA") applies to this case because
the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C.
§1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to
proceed with his case without prepaying the civil case filing fee. 28 U.S.C.

1

§1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On July 12, 2019, the court ordered the plaintiff to pay an initial partial filing fee of $29.84. Dkt. No. 5. The court received that fee on July 29, 2019. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II.    Motion to Add Party and to Correct Complaint (Dkt. No. 8)

In his motion to add party and correct his complaint, the plaintiff asks to add "University of Wisconsin Medical" as a defendant; to clarify that one of the named defendants, Lisa Cervantes, works for University of Wisconsin (not the Wisconsin Department of Corrections) and to add her to "item #2" of the complaint; and to include Foster, RN, and Lisa Dykstra, RN—both of whom he has already named as defendants—to paragraph two of the complaint. Dkt. No. 8.

The court will not grant the plaintiff's request to add University of Wisconsin Medical as a defendant. If he wishes to add a new party to his case, the plaintiff must file an amended complaint. The amended complaint must be complete in itself—he must use a new complaint form, include the case number of this case on the front page, write the word "Amended" in front of the word "Complaint" and name all the defendants he wishes to sue. He must explain what each of those defendants did to violate his rights. He may not

2

refer the court to his prior complaint; he must put all the facts he wishes to allege in the amended complaint.

The plaintiff did not explain why he wanted to add University of Wisconsin Medical to the complaint.[1] He did not say what he believed University of Wisconsin Medical had done to violate his rights. The court notes, however, that ¶1 of the complaint alleges that the Wisconsin Department of Corrections has failed to give the plaintiff necessary medication—it is not clear how UW-Medical would have anything to do with that claim. The court also notes that if the plaintiff wants to add UW-Medical because he believes that it supervised or employed one of the individual defendants he has sued, "[a] supervisor cannot be held liable for constitutional violations committed by [its] subordinates unless the supervisor, 'with knowledge of the subordinate's conduct, approves the conduct and the basis for it." Wood v. Milwaukee Cty., No. 19-cv-619-pp, 2020 WL 4365562, at *4 (E.D. Wis. July 30, 2020) (citing Chavez v. Ill. State Police, 251 F.3d 612, 651 (7th Cir. 2001)). The court denies without prejudice this portion of the plaintiff's motion.

As for the "clarifications" he wants to make with respect to individual defendants he named in the original indictment, the court will grant the plaintiff's motion. The plaintiff is not asking to change the substance of his claims or add new individual parties; he's clarifying only that certain of the defendants he already has sued were involved in more than one incident. The

---

[1] The University of Wisconsin is affiliated with UWHealth and with University Hospital on Highland Avenue in Madison. https://www.uwhealth.org.

3

court will consider the plaintiff's argument that Cervantes (who is not a DOC employee), as well as Foster and Dykstra, were involved in the events described in ¶2 of the complaint.

## III. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    The Plaintiff's Allegations

The plaintiff was sentenced to prison in February 2013 and sent to Waupun in May of that year. Dkt. No. 1 at 3. Before arriving at Waupun, he was diagnosed with Hepatitis C. Id. The plaintiff asserts that since arriving at Waupun, his condition has degenerated—he now suffers daily with pain in his joints, nerves and liver. Id. He also has been diagnosed with a moderate loss of kidney function. Id.

The plaintiff alleges that Department of Corrections staff have repeatedly refused to provide him with a medication that has a 98% rate of curing Hepatitis C. Id. He says that the "staff" includes Dr. Lisa Cervantes, Dr. Manlove, Paul A. Bekx, Frederick W. Fron, Nurse Nancy Garcia, Dr. Salim Syed, Nurse Nathan Tapio and Dr. Cheryl A. Jeanpierre. Id. at 3, 5. The

Case 2:19-cv-00992-PP-WED   Filed 09/29/20   Page 5 of 15   Document 9

plaintiff alleges that these individuals "cite WDOC policy for denying treatment." Id. at 5.

The plaintiff asserts that between 2013 and 2018, medical staff working in the Health Services Unit ("HSU") at Waupun, including Cervantes, Manlove, Garcia, Syed, Tapio, Foster, R.N. and Lisa M. Dykstra, repeatedly prescribed the plaintiff acetaminophen and meloxicam despite the fact that those medications are "medically contraindicated for patients with chronic hep-c." Id. He says that the defendants prescribed the medications for longer times and in higher doses than recommended, and that all the defendants knew the plaintiff had Hepatitis C. Id.

The plaintiff alleges that Fron, Bekx, Jeanpierre and Tapio, "in the guise of medical treatment of the plaintiff's hep-c," ordered repeated blood draws for the plaintiff. Id. The plaintiff asserts that a "revolving door of WDOC medical staff" performed the blood draws, and alleges that they were "most often ineffective, and incompetent." Id. The plaintiff alleges that the staff caused him to suffer through multiple attempts to obtain blood, causing pain and swelling at the puncture site. Id.

The plaintiff asks the court to order the Department of Corrections to treat "current and future prisoners in WDOC custody with Direct-Acting Antiviral oral medications," regardless of their "degree fibrosis." Id. at 6. He also seeks damages from the defendants. Id.

C.    Analysis

The Eighth Amendment's prohibition on cruel and unusual punishment "protects prisoners from prison conditions that cause 'the wanton and unnecessary infliction of pain,'" including "grossly inadequate medical care." Lockett v. Bonson, 937 F.3d 1016, 1022 (7th Cir. 2019) (quoting Pyles v. Fahim, 771 F.3d 403, 408 (7th Cir. 2014). To prevail on a claim based of deficient medical care, the plaintiff "must demonstrate two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition." Id. (quoting Arnett v. Webster, 658 F.3d 742, 750 (7th Cir. 2011)). The first element, an objectively serious medical condition, is satisfied if "a physician has diagnosed [the condition] as requiring treatment, or the need for treatment would be obvious to a layperson." Id. at 1022-23 (quoting Pyles, 771 F.3d at 409). The court is satisfied that Hepatis C is a serious medical condition.

The question is whether the plaintiff has alleged sufficient facts to show the defendants acted with deliberate indifference to that serious medical condition. "Deliberate indifference is a subjective standard." Id. at 1023 (quoting Arnett, 658 F.3d at 751). To be found liable under the Eighth Amendment, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Whether a prison official acted with the requisite state of mind "is a question of fact subject to demonstration in the usual ways, including

7

inference from circumstantial evidence." Id. (quoting Farmer, 511 U.S. at 842).
To establish the requisite mental state, "[s]omething more than negligence or
even malpractice is required." Id. (quoting Pyles, 771 F.3d at 409; see also
Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("Medical malpractice does not
become a constitutional violation merely because the victim is a prisoner.").

The plaintiff alleges that Cervantes, Manlove, Bekx, Fron, Garcia, Syed,
Tapio and Jeanpierre have failed to provide him medication that would cure his
Hepatitis C. On the one hand, disagreement with a defendant's medical
judgment does not constitute deliberate indifference. Greeno v. Daley, 414 F.3d
645, 653 (7th Cir. 2005) (citing Estelle, 429 U.S. at 106). If the plaintiff is
alleging that he is receiving treatment specific to Hepatitis C but that he
believes that some other treatment would be better, that would not be enough
to state a claim for deliberate indifference. But, reading the complaint broadly
and construing the allegations in the light most favorable to the plaintiff (as the
court must do for plaintiffs who represent themselves), the court construes the
plaintiff's claim as a claim that the defendants have denied him any treatment
specific to his Hepatitis C. That allegation is sufficient to allow him to proceed
on a claim of deliberate indifference. Gulley v. Ghosh, 864 F. Supp. 2d 725,
729 (7th Cir. 2012) (citing Kelley v. McGinnis, 899 F.2d 612, 616 (7th Cir.
1990)).[2]

---

[2] The plaintiff's allegations are very broad. He does not explain who Bekx and
Fron are—are they corrections officers? Are they staff in the Health Services
Unit? He does not explain which of the defendants have the authority to
prescribe medication or courses of treatment for inmates. It is not clear
whether the plaintiff alleges that he has been prescribed medication which the

The plaintiff next alleges that Cervantes, Manlove, Garcia, Syed, Tapio, Foster and Dykstra prescribed him medications (acetaminophen and meloxicam) that are contraindicated for Hepatitis C and that the defendants prescribed them in higher doses and more frequently than recommended. To state a claim under §1983, a plaintiff must allege that he has suffered a "cognizable legal harm" because §1983 "is a tort statute." Doe v. Welborn, 110 F.3d 520, 523 (7th Cir. 1997). The plaintiff does not specifically state that these defendants knew that acetaminophen and meloxicam were contraindicated or that they were giving him the medications in higher doses and for longer periods than recommended, but the court assumes he believes that because the defendants are medical professionals, they would have known this. Though the plaintiff does not explicitly state that he suffered harm from being prescribed these medications, or describe the harm he suffered, he alleges the defendants have prescribed the medications to him since 2013, and he alleges that his condition has deteriorated since he arrived at Waupun in 2013. Dkt. No. 1 at 3, 5. The court infers that the medications, which the plaintiff says should not be given to Hepatitis C patients, have caused him harm. The court will allow the plaintiff to proceed on a deliberate indifference claim against these defendants for prescribing him contraindicated medication.

---

defendants refuse to give him, or whether certain of the defendants have refused to prescribe him the medication. The fact that the court is allowing the plaintiff to proceed on these very broad allegations at the screening stage does not mean that the claims will survive a motion to dismiss or for summary judgment.

Case 2:19-cv-00992-PP-WED   Filed 09/29/20   Page 9 of 15   Document 9

Finally, the plaintiff alleges that Fron, Bekx, Jeanpierre and Tapio ordered blood tests and that unnamed staff members performed ineffective blood draws resulting in pain and swelling. These allegations do not state a claim for two reasons: first, the plaintiff has not alleged that Fron, Bekx, Jeanpierre and Tapio were personally involved in the blood draws. Section 1983 requires that a defendant be personally responsible for the violation of a plaintiff's rights. Burks v. Raemisch, 555 F.3d 592, 595-96 (7th Cir. 2009). The individual defendant must have caused or participated in a constitutional violation. Hildebrandt v. Ill. Dep't of Nat. Res., 347 F.3d 1014, 1039 (7th Cir. 2003). None of the named defendants were involved in the blood draws. Even if they were, he has not alleged a harm that is more than *de minimus*. Multiple attempts to draw blood and the resulting bruising and swelling is not the type of injury from which the Eighth Amendment protects an inmate. That standard is met only if "the illness or injury for which assistance is sought is sufficiently serious or painful to make the refusal of assistance uncivilized." Cooper v. Casey, 97 F.3d 914, 917 (7th Cir. 1996). The plaintiff's swelling and bruising after blood draws, a common occurrence for most people who have had their blood drawn, are not sufficient to state a claim for deliberate indifference—at best, the plaintiff alleges incompetence or negligence, which do not rise to the level of a constitutional violation. See, *e.g.*, McDaniel v. Syed, No. 17-cv-1493, 2020 WL 5570401, at *9 (E.D. Wis. Sept. 17, 2020) ("Deliberate indifference requires more than negligence or even gross negligence; it requires that the defendant knew of, yet disregarded, an excessive risk to the plaintiff's safety.")

10

(citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994); <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976)).

The court notes that the plaintiff alleges that defendants Manlove, Bekx, Fron, Garcia, Syed, Tapio and Jeanpierre denied him the medication with a 98% cure rate based on DOC policy. A plaintiff can sue a governmental entity under §1983 "when the government's policy or custom . . . inflicts the injury." <u>Monell v. City of New York Dep't of Social Serv's.</u>, 436 U.S. 658, 694 (1978). But the plaintiff has not named the Department of Corrections or the State of Wisconsin as a defendant.

The plaintiff has indicated that Cervantes works for the University of Wisconsin. He has not alleged that the prison has a contract with the University of Wisconsin or that medical staff from the University of Wisconsin provide medical services at the prison. While the court is allowing the plaintiff to proceed on claims against Cervantes, it notes that facts later may demonstrate that Cervantes is not subject to suit for the plaintiff's claims.

The plaintiff also named as defendants a "Cathy O'Donnall" or O'Donnell"—he spells it both ways—and Kevin A. Carr, both of whom he says work at the Wisconsin Department of Corrections. Dkt. No. 1 at 2, 4. Kevin A. Carr is the Secretary of the Wisconsin Department of Corrections. https://doc.wi.gov/Pages/AboutDOC/ExecutiveLeadership.aspx. *Cindy* O'Donnell is a former deputy secretary for the Department of Corrections. Although the plaintiff names Carr and O'Donnell in the complaint, he has not made any specific allegations against them. The court suspects the plaintiff

included them only because they were supervisors of some of the defendants he has sued. As the court noted above, "[a] supervisor cannot be held liable for constitutional violations committed by his subordinates unless the supervisor, 'with knowledge of the subordinate's conduct, approves the conduct and the basis for it." Wood, 2020 WL 4365562, at *4 (E.D. Wis. July 30, 2020). Because the plaintiff has not alleged that Carr or O'Donnell were aware of the medication issues he describes, the court will dismiss them as defendants.

The court will also remove the "Doe" placeholder. In the caption of the complaint, the plaintiff listed "names unknown" as a defendant. The plaintiff may believe that unknown individuals have been involved in denying him medication that he believes will cure him, because he says those claims are "not limited to" the named defendants. Dkt. No. 1 at 2, 4. He may be referring to the "revolving door" of individuals who came to do blood draws. Regardless, the appropriate way for the plaintiff to identify any other individuals who he believes violated his constitutional rights is through reviewing the discovery he will receive after the named defendants have responded to the lawsuit. If, once he receives the discovery, he learns the names of other individuals who he believes violated his rights, he may file a motion asking the court to allow him to amend his complaint.

Finally, as the court has implied above, the screening standard is low—much lower than the standard for a motion to dismiss or a motion for summary judgment. For the defendants to be liable, the plaintiff will need evidence that each of the defendants was personally involved in violating his

constitutional rights. The court has construed the plaintiff's complaint very broadly, as it is required to do. But the fact that the court has allowed the plaintiff to proceed on his very broad claims against a number of defendants does not mean he will succeed on those claims against any or all of those defendants, and the burden will be on the plaintiff to produce evidence to show that each defendant violated his rights, and now.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **GRANTS IN PART AND DENIES WITHOUT PREJUDICE IN PART** the plaintiff's motion to add party and correct complaint. Dkt. No. 8.

The court **DISMISSES** O'Donnell and Carr as defendants. The court also **DIRECTS** the clerk to remove the Doe placeholder from the caption of the case.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Manlove, Bekx, Fron, Jeanpierre, Tapio, Syed, Garcia, Foster and Dykstra. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within 60 days.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on defendant MD Lisa Cervantes under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress

13

requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendant MD Lisa Cervantes to file a responsive pleading to the complaint.

The court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the **$320.16** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The court will issue a separate order **REFERRING** this case to Magistrate Judge William E. Duffin for pretrial matters.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, which could affect the legal rights of the parties.

Dated in Milwaukee, Wisconsin, this 29th day of September, 2020.

BY THE COURT:

_____

HON. PAMELA PEPPER
**Chief United States District Judge**

15