UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JACKIE DELMAS MASON,

                    Plaintiff,

          v.                                          Case No. 19-cv-992-pp

DR. MANLOVE, *et al.*,

                    Defendants.

---

## ORDER GRANTING PLAINTIFF'S REQUEST TO FILE AMENDED COMPLAINT (DKT. NO. 12) AND SCREENING AMENDED COMPLAINT UNDER 28 U.S.C. §1915A

---

On September 29, 2020, the court screened plaintiff Jackie Delmas Mason's *pro se* complaint (filed under 42 U.S.C. §1983) and allowed him to proceed against several medical officials from the Health Services Unit at Waupun Correctional Institution, where he is incarcerated. Dkt. No. 9. The court permitted the plaintiff to proceed against defendants Lisa Cervantes, Jeffery Manlove, Paul Bekx, Frederick Fron,[1] Nancy Garcia, Salam Syed, Nathan Tapio and Cheryl Jeanpierre on a claim that they failed to provide him with medication to treat his Hepatitis C. Id. at 8. The court also permitted the plaintiff to proceed against Cervantes, Manlove, Garcia, Syed, Tapio, Blythe Foster and Lisa Dykstra on a claim that those defendants prescribed him inappropriate medications that are contraindicated for Hepatitis C. Id. at 9. The

---

[1] The docket alternatively lists this defendant's surname as "Kron." Because this defendant has not answered the complaint, and because the court is dismissing him from the lawsuit, the court need not determine which name is the correct one.

court did not permit the plaintiff to proceed against Fron/Kron, Bekx, Jeanpierre and Tapio on his claim that they performed repeated, ineffective blood draws. Id. at 10.

Two weeks later, the court received from the plaintiff a motion to amend the complaint, accompanied by a proposed amended complaint. Dkt. Nos. 12, 12-1. The plaintiff stated that he recently had received the medication to treat his Hepatitis C and moved to dismiss the claim against defendants Cervantes, Manlove, Bekx, Fron/Kron, Garcia, Syed, Tapio and Jeanpierre for not providing him that medication. Dkt. No. 12 at 1. The plaintiff stated that he also wanted to dismiss his claim against defendants Fron/Kron, Bekx, Jeanpierre and Tapio regarding the ordering of repeated blood draws (on which the court had not allowed him to proceed). Id. The proposed amended complaint names defendants Manlove, Garcia, Syed, Tapio, Jeanpierre and Nurse Mary Moore (a new defendant) and seeks to proceed only on the plaintiff's claim that those defendants provided him inappropriate medication. Dkt. No. 12-1.

Under Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course within" twenty-one days of service or within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). The court received the plaintiff's motion to amend and the proposed amended complaint two weeks after the original complaint was electronically served on the defendants but before any defendant had answered. All defendants except Fron/Kron and Jeanpierre since have answered the original

2

complaint. Dkt. Nos. 18, 20. None of the defendants have responded to the plaintiff's motion to amend the complaint.

The court will grant the plaintiff's motion, allow him to file the amended complaint and dismiss his claim that Cervantes, Manlove, Bekx, Fron/Kron, Garcia, Syed, Tapio and Jeanpierre failed to provide him medication for Hepatitis C. Below it screens the amended complaint.

## I.     Screening the Amended Complaint (Dkt. No. 12-1)

### A.     Federal Screening Standard

As explained in the order screening the original complaint, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the amended complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, the amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must contain enough facts, accepted as true, to "state a claim for relief that is

plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     The Plaintiff's Allegations

As noted, the amended complaint names one new defendant, Nurse Mary Moore, who (along with all named defendants) allegedly worked in the Health Services Unit at Waupun. Dkt. No. 12-1 at 2. The plaintiff reiterates that he has been incarcerated at Waupun since May 2013. Id. at 2–3. Before he was incarcerated, the plaintiff was diagnosed with Hepatitis C. Id. at 3. He alleges, very broadly, that "[t]he defendant's all clearly [were] aware of the plaintiff's medical condition [but] repeatedly prescribed the plaintiff acetaminophen, meloxicam, and salsalate." Id. The plaintiff alleges that those medications

4

"should not be given to patient's with liver disease." Id. He also alleges that "the defendant's prescribed these medications to the plaintiff for period's of time longer then the manufacturer's recommended patient's be prescribed these medications." Id. The plaintiff says Dr. Manlove approved the prescriptions and "the above named defendant's" prescribed them to him. Id. The plaintiff alleges that as a result of the defendants prescribing those medications, he suffered moderate loss of kidney function and pain and suffering. Id. He seeks unspecified monetary damages. Id. at 4.

C.    Analysis

As explained in the order screening the original complaint, the plaintiff's allegations that he was provided inadequate medical care fall within the ambit of the Eighth Amendment. Dkt. No. 9 at 7 (citing Lockett v. Bonson, 937 F.3d 1016, 1022 (7th Cir. 2019), and Pyles v. Fahim, 771 F.3d 403, 408 (7th Cir. 2014)). The court noted in the order screening the original complaint that the plaintiff "[did] not specifically state that these defendants knew that acetaminophen and meloxicam were contraindicated or that they were giving him the medications in higher doses and for longer periods than recommended." Id. at 9. The  amended complaint does not correct that problem. In fact, the amended complaint is less clear or specific than the original complaint. The original complaint specified that Garcia, Syed, Tapio and Manlove prescribed the medications contraindicated for Hepatitis C. Dkt. No. 1 at 5. The amended complaint, however, alleges generally that "the defendants" prescribed the medications. The most specific allegation against a

5

particular individual is that the "medications were prescribed to the plaintiff between 2013, and 2020 by the above named defendant's with Dr. Manlove approving the prescription." Dkt. No. 12-1 at 3. Otherwise, the amended complaint does not allege what any specific defendant did or knew about the plaintiff's medical care.

In the order screening the original complaint, the court took note of the plaintiff's similarly vague allegations related to his claim that the defendants failed to provide him medication to treat his Hepatitis C. Dkt. No. 9 at 8, n.2. Nonetheless, the court allowed the plaintiff "to proceed on these very broad allegations at the screening stage," with a warning that such broad allegations might not survive a motion to dismiss or for summary judgment. Id. Although the allegations in the  amended complaint are as vague or more vague than those in the original complaint, the court will allow this claim to proceed with the same warning.

The court will allow the plaintiff to proceed on the sole claim in the amended complaint: that defendants Manlove, Garcia, Syed, Tapio, Jeanpierre and Moore provided him acetaminophen, meloxicam and salsalate despite knowing that he had Hepatitis C and in larger doses and for longer times than recommended. The court will dismiss all other defendants and claims.

## II. Conclusion

The court **GRANTS** the plaintiff's motion to amend his complaint. Dkt. No. 12. The court **ORDERS** the Clerk of Court to docket the amended complaint (Dkt. No. 12-1) as the operative complaint.

6

The court **DISMISSES** defendants Paul Bekx, Frederick Fron/Kron, Blythe Foster, Lisa Dykstra and Lisa Cervantes.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will transmit a copy of the amended complaint and this order to the Wisconsin Department of Justice for service on defendants Jeffery Manlove, Nancy Garcia, Salam Syed, Nathan Tapio and Mary Moore. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the amended complaint within sixty days.

A review of the docket shows that Cheryl Jeanpierre was never served with the original complaint. The court therefore **ORDERS** the U.S. Marshals Service to serve a copy of the amended complaint and this order on defendant Cheryl Jeanpierre at Premier Medical Staffing, 10150 W. National Ave. #150, Milwaukee, WI 53227 under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee. The court **ORDERS** defendant Jeanpierre to file a responsive pleading to the amended complaint within sixty days of service.

7

The court will enter a scheduling order once the defendants have answered the amended complaint. The court reminds the parties that they may not begin discovery until after the court enters that order setting deadlines for completing discovery and filing dispositive motions.

The court reminds the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court also reminds the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing the case without further notice.

Dated in Milwaukee, Wisconsin, this 25th day of January, 2021.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**